UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| KEITH DREW,<br><br>        Plaintiff,<br><br>     -against-<br><br>CITY OF NEW YORK; JOHN DOE 1 – I.D. 931196; JOHN DOE 2 – 41ST Pct; CORRECTION OFFICERS JANE DOE 1 - A.M.K.C.; JANE DOE 2 O.B.C.C. – RIKERS ISLAND; MARTIN, Shield # 17892; THOM # 15942; COINES # 15577; DELGADO – BRONX COUNTY HALL OF JUSTICE; NEW YORK CITY DEPARTMENT OF CORRECTION,<br>           Defendants. |

**OPINION AND ORDER**

18 Civ. 10714 (ER)

Ramos, D.J.:

  Keith Drew ("Plaintiff"), currently being held in the Otis Bantum Correctional Center ("OBCC") on Rikers Island, brings this *pro se* action asserting Defendants violated his constitutional rights. Drew brings suit against Defendants City of New York ("the City"), John Doe 1, John Doe 2, Correction Officer Jane Doe 1 A.M.K.C., Jane Doe 2 O.B.C.C. Rikers Island, Martin Shield # 17892; Thom # 1594, Coines # 1557, Delgado - Bronx County Hall Of Justice, and the New York City Department Of Correction, alleging violations of his federal constitutional rights. Drew seeks damages as well as declaratory and injunctive relief.

  Before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) alleging Drew released Defendants' from any and all liability. For reasons discussed below, the Defendants' motion to dismiss is GRANTED.

## I. BACKGROUND

On February 3, 2016, Drew alleges Correction Officers Martin, Thom, Coines, and Delgado beat him while he was in a holding cell inside the Bronx Hall of Justice.[1]  *Id.* at 22. Drew alleges he was locked in a room for over five hours wearing no pants and with his hands cuffed behind his back.  He alleges that chemical agents were applied to his eyes.  *Id.* at 23.

Approximately five months later, on July 17, 2016, while detained at OBCC, Drew alleges an unidentified correction officer caused other OBCC prisoners and staff to assault him and confiscate and destroy some of his personal belongings.  *Id.* at 21.  Drew was charged with forcible touching, obstruction of governmental administration in the second degree, and harassment in the second degree in connection with the incident that occurred that day.[2]  *Id.* at 33.

On November 14, 2018, Drew filed his complaint for violation of his federal constitutional rights claiming he was falsely arrested with respect to both the February 3 and July 17, 2016 incidents.  In addition, Drew alleges he received permanent injuries to his eyes, wrist and arms in connection with the February 3, 2016 incident.  Drew seeks injunctive and declaratory relief for his false arrest claims, and both punitive and compensatory damages for his other claims.

On May 10, 2019, Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted on the ground that Drew "released [D]efendants from any and all liability, claims, or rights of action – including the allegations at

---

[1] It is not clear if Drew was in the custody of the New York Department of Corrections at the time of the alleged incident.

[2] Drew does not allege any additional facts to explain why he was criminally prosecuted for an incident where he contends he was a victim of assault.

issue in this action". Doc. 24 at 2. In serving Drew with the motion, Defendants attached a document notifying Drew that his action could be "dismissed without a trial if [he] failed to respond to [the] motion," that is required by Fed. R. Civ. P. 12 and Local Civil Rule 12.1. Doc. 24 at 2. Defendants also notified Drew that he could submit evidence in support of his allegations, pursuant to Rule 56(c), and warned Drew that failure to submit evidence could result in the Court accepting Defendants' "facts as true [and] judgment . . . entered in defendant[s'] favor without a trial." *Id.*

Drew never responded to the Defendants' motion and on May 31, 2019, Defendants requested that the Court deem the motion fully briefed and unopposed. Doc. 29 at 1. On June 3, 2019 the Court allowed Drew until June 17, 2019 to submit a response and advised him that failure to respond would result in the Court deeming the City's motion fully briefed and unopposed. Doc. 31 at 1. As of this date, Drew has not responded to Defendants' motion and has not communicated with the Court. Thus the Court deems the Defendants' motion fully briefed and unopposed.

## II. STANDARD OF REVIEW

### a. Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all of the factual allegations from the complaint, and draw all reasonable inferences in the plaintiff's favor. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). However, this requirement does not apply to legal conclusions, bare assertions, or conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must adhere to Rule 8(a), which has been interpreted to require that it contain enough factual matter for the claim to be plausible on its face. *Iqbal*, 556

U.S. at 678 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] Complaint must be dismissed." *Twombly*, 550 U.S. at 570.

While the same standard applies to motions to dismiss *pro se* complaints, the Court is obligated to construe a *pro se* complaint liberally and to interpret the claims as raising the strongest arguments that they suggest. *Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir. 2011); *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). The obligation to be lenient while reading a *pro se* plaintiff's pleadings "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). "However, even *pro se* plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

### b. Converting to a Summary Judgment Motion

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a district court generally must confine itself to the four corners of the complaint and look only to the allegations contained therein. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). However, under Rule 12(c), the Court may consider, "'in its discretion and upon notice to all parties,'" materials outside the pleadings. *Sellers v. M.C. Floor Crafters*, Inc., 842 F.2d 639, 642 (2d Cir.1988) (quoting *Falls Riverway Realty v. City of Niagara Falls*, 754 F.2d 49, 53 (2d Cir.1985)). If it does so, however, the motion is treated

as one for summary judgment under Rule 56, after affording the parties the opportunity to conduct appropriate discovery and submit additional supporting materials. *See* Fed. R. Civ. P. 12(d); *see Kasiem v. Switz*, 756 F.Supp.2d 570, 575 (S.D.N.Y. 2010) (holding that formal notice of conversion was not necessary where defendants attached as exhibits to their motion the records and notified plaintiff that the court might treat the motion to dismiss as one for summary judgment). "Federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion." *HB v. Monroe Woodbury Cent. Sch. Dist.*, 11 Civ. 5881 (CS), 2012 WL 4477552, at *4 (S.D.N.Y. Sept. 27, 2012) (quoting *Carione v. U.S.*, 368 F. Supp. 2d 186, 191 (E.D.N.Y. 2005)).

### III. DISCUSSION

Drew asserts his constitutional rights were violated on the February 3, 2016 when Defendants Martin, Thom, Coines and Delgado beat him while in holding cell. Drew alleges he was left handcuffed in a room while not wearing any pants and suffered an injury to his eyes as a result of a chemical substance. However, Defendants argue Drew's Complaint should be dismissed because his claims are covered by a general release he signed on November 8, 2016, *after* the incidents alleged in his Complaint. Doc. 23-2 at 2, Exh. B. Defendants assert that Drew had previously filed three actions against the City and its employees. Doc. 22 at 2. The three previously filed actions were settled, and Drew signed a general release as part of the settlement agreements. The notarized release states that Drew released the City of New York and:

> "All past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel . . . . from any and all liability, claims, or rights of action alleging a violation of [plaintiff's] civil rights and any and all related state law claims, from the beginning of the world to the date of this General Release, including claims for costs, expenses, and attorneys' fees."

Doc. 23-2. Exh. B. at 2. Accordingly, Defendants argue that the release precludes Drew from bringing an action against them for the February 3, 2016 incident.

Here, Drew was provided an opportunity to respond to Defendant's Motion to Dismiss, oppose the motion, and oppose the accuracy of the release, but he failed to do so. In addition, Defendants sent Drew notice that the he had to respond to the motion or his matter could be dismissed. Doc. 24 at 2. Included in their letter, Defendants advised Drew that their motion to dismiss could in fact be converted to a motion for summary judgment. Doc. 24 at 2. However, Drew submitted no opposition.

Drew should have reasonably recognized that the Court could convert Defendants' motion to dismiss to one for summary judgement because their motion included the general release that would discharge them from liability. *Timperio v. Bronx-Lebanon Hosp. Ctr.*, 384 F. Supp. 3d 425 (S.D.N.Y. 2019) ("the essential inquiry in determining whether it is appropriate to convert a motion [to dismiss] into a motion for summary judgment is whether the non-movant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings"). Thus the Court grants Defendants' request to consider the release and upon consideration, converts the motion to a motion for summary judgment. However, because Drew did not challenge the authenticity of the release, his signature on the release, or conditions under which he signed the release, the Court concludes that no reasonably jury could find that Drew did not sign the release discharging the City from any liability. *See Cuffee v. City of New York*, No. 15 Civ. 8916 (PGG) (DF), 2018 WL 1136923, at *6 (S.D.N.Y. Mar. 1, 2018).

Moreover, the incident at issue here pre-dates the execution of the release and thus included within its scope. *See id.* Presumably, Drew was aware of the claims asserted in this

Complaint at the time he signed the release. *See Dechberry v. New York City Fire Dep't*, 124 F. Supp. 3d 131, 142 (E.D.N.Y. 2015) ("courts in this Circuit have consistently barred claims where a plaintiff enters into a settlement, executes a general release, and then brings an additional lawsuit alleging similar claims that could have been alleged in the prior settled action").

Defendants also argue that the language of the general release is unambiguous and enforceable, and the Court agrees. *See Tromp*, 465 F. App'x at 52 (dismissing civil rights claims based on release very similar to this release). For a contract to be unambiguous, it contains "a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion." *Robert Littlejohn v. Consolidated Edison Company of New York, Inc.,* No. 18 Civ. 6336 (KPF), 2019 WL 3219454, at *8 (S.D.N.Y. July 17, 2019) (*citations omitted*). In consideration for payment Drew received from the City, he relinquished his rights to bring suit for violations of his civil rights against the City arising from any events prior to the date of the signed release. *See id.* It is clear that the release includes claims Drew asserts in his complaint because it specifies "any and all liability, claims or rights of action alleging a violation of [Drew's] civil rights." Doc. 23-2. Exh. B. at 2. *See also Walker v. Corizon*, 764 F. App'x 78, 79 (2d Cir. 2019) ("the district court properly dismissed Walker's complaint because his claims were barred by the unambiguous language of the release . . . which encompasses all of [plaintiff's] civil rights claims against the City, its employees, and its agents arising"). In addition, if the parties desired to limit the scope of the release to the events that gave rise to the previous settlement agreements, they would have, however they did not. *Id.*

As employees of the New York City Police Department and the New York City Department of Correction, the individual named Defendants are also employees within the scope

of the release. Accordingly, the Court *sua sponte* dismisses the claims against individual Defendants. The release Drew signed includes "employees, representatives, and agents of the City of New York." Based on Drew's allegations, the individual Defendants were acting in their capacity as employees of the City of New York and by signing waiver on November 8, 2016, he ultimately released them from liability.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is converted to a motion for summary judgement, and is GRANTED. Drew's complaint is dismissed with prejudice against all defendants. The Clerk of Court is respectfully directed to terminate the motion, Doc. 21, and close the case.

It is SO ORDERED.

Dated: August 6, 2019
       New York, New York

                                             Edgardo Ramos, U.S.D.J.